IN THE MATTER OF THE APPEAL OF W. R. CASTLE, RESPECTING STAMP DUTY ON A CONVEYANCE OF AN EQUITY OF REDEMPTION.

APPEAL FROM MINISTER OF FINANCE.

SUBMITTED SEPTEMBER 24, 1897. DECIDED SEPTEMBER 30. 1897.

JUDD, C.J., FREAR AND WHITING, JJ.

Sec. 20, Ch. 55, Laws of 1876, which provides that where property is conveyed subject to a mortgage, the stamp duty shall be calculated upon the amount due upon the mortgage and the amount expressed to be paid in addition, does not apply to a mere conveyance of an equity of redemption, where the vendee does not assume the payment of the mortgage. In such case the duty should be estimated on the consideration for the conveyance without reference to the amount of the mortgage.

OPINION OF THE COURT BY FREAR, J.

The appellant purchased certain premises for $15,000 and mortgaged the same to his vendor to secure a portion of the purchase price, namely $10,000. He afterwards executed the deed now in question, in which he recited his purchase and mortgage and that he had remaining in the premises only an equity of redemption, and conveyed to his vendee for a consideration of $8,000 all his "right, title and interest, either at law or in equity, the same being his equity of redemption" in the premises, and covenanted that "since his said purchase he has not made or suffered any other or further incumbrance of said premises than as hereinbefore noted."

The question is whether the duty should be estimated upon

the consideration expressed in the deed, that is, upon $8,000 or upon that plus the amount of the mortgage, that is, upon $18,000. If upon the former, the duty would be $3 for each $1,000, that is, $24, the amount contended for by the appellant; if upon the latter, the duty would be $4 for each $1,000, that is, $72, the amount assessed by the Minister. The statute (Sec. 3, Ch. 103, Laws of 1892) provides that in the case of a "conveyance upon the sale of any property, real or personal, or rights therein" the duty shall be assessed at certain rates upon "the purchase or consideration money therein expressed;" also (Sec. 20, Ch. 55, Laws of 1876) that "where property is conveyed subject to a mortgage, the amount due upon such mortgage shall be stated in the body of the conveyance, and duty shall be calculated and paid upon the amount so due and the amount expressed to be paid in addition."

In our opinion this latter provision of the statute does not apply to this case and the duty should be $24 under the provision first above quoted, as contended by the appellant.

The deed purports to convey only the equity of redemption, that is, only the property that remained in the mortgagor after he executed the mortgage. What remained in the mortgagor after he executed the mortgage was not subject to the mortgage.

Again, there was evidently no intention on the part of the legislature in passing Section 20 above quoted, that in all cases where property which happens to be subject to a mortgage is conveyed the duty should be estimated upon both the consideration and the amount of the mortgage debt without regard to the question whether the vendor or the vendee is to pay the mortgage debt. The intention was that the amount of the mortgage debt should be considered in estimating the duty only when it forms a part of the consideration for the conveyance. It is the consideration that is made the basis upon which the duty is to be estimated. This is clear from many provisions of the statute. See *In re Macfarlane, ante,* and various portions of the statute there referred to. Section 20 itself, now in question, provides that the duty shall be calculated upon the amount due on the

mortgage "and the amount expressed *to be paid in addition*," thus showing that the amount due on the mortgage is to be considered only when it is to be paid by the vendee as part of the consideration. The words in the first part of this section, namely, "where property is conveyed subject to a mortgage," were intended to mean "where property is conveyed so as to be subject to a mortgage to be paid by the vendee," not "where property which happens to be subject to a mortgage is conveyed, even though the mortgage is to be paid by the vendor."

In the present case the vendee did not assume the payment of the mortgage debt. He cannot be compelled to pay it, either by his vendor, the mortgagor, or by the mortgagee. If default should be made in the payment of the mortgage debt or the interest thereon the mortgagee could sue the mortgagor on the note. He could not maintain an action against the vendee on the note. If the mortgagee should pursue his remedy by foreclosure, he would be obliged to pay the vendee all that the property sold for over the amount secured by the mortgage, that is, the value of what the vendee purchased, and what the vendor sold, namely, the value of the property that remained in the mortgagor after he executed the mortgage. If the vendee should sell his property, that is, the equity of redemption, he would have no further interest in the existence of the mortgage. If in order to prevent foreclosure he should pay off the mortgage debt, he would do so at his option, not as a part of the consideration for the land or because he was under any contractual obligation to pay it, but for the same reasons that might lead him to make any other payment in order to obtain further or complete control of the entire property, as, for example, to free the land from some other incumbrance whether known or not to him at the date of his purchase, or to buy in some outstanding title or interest in the land from some third person. See Devlin on Deeds, Sec. 1047 *et seq.* and cases there cited.

The appeal is sustained and the stamp duty adjudged to be $24.

*W. R. Castle*, appellant, in person.

*Attorney-General W. O. Smith, contra.*